IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA and<br>MATTHEW LOPES REVENUE<br>OFFICER, INTERNAL REVENUE<br>SERVICE<br><br>v.<br><br>MICHAEL J. AMABILE | :<br>:<br>: CIVIL ACTION No. 11-6591<br>: CIVIL ACTION No. 11-6592<br>:<br>:<br>:<br>:<br>: |

O'NEILL, J.                                                                                                April 12, 2012

## MEMORANDUM

Defendant Michael J. Amabile admits that he "was a nontaxpayer" "with respect to years 2004, 2005, 2006, 2007, 2008, 2009, and 2010, inclusive" and asserts that during those years he was not obligated to pay taxes. Dkt. No. 24 at 1. As a result of his nonpayment of taxes, he was served with an Internal Revenue Service summons on May 11, 2011. He failed to comply with the summons and the Government filed this summons enforcement action. On December 20, 2011, after a show cause hearing, I entered an Order requiring Mr. Amabile to compile all documents responsive to the IRS summons, to produce to IRS officer Matthew Lopes all documents that he believed to be non-privileged and to produce to the Court for in camera review a log describing each document that Mr. Amabile believed to be protected by the Fifth Amendment along with the documents claimed to be privileged so that the Court could make a determination as to whether Mr. Amabile must provide to the Government any or all of the documents claimed to be privileged. I granted Mr. Amabile's requests for extensions on two occasions, granting him until March 12, 2012 to comply with the Court's Order.

Instead of producing the documents as required by the Court's Order, Mr. Amabile has now filed the following pleadings:  (1) Petition for Proof that U.S. Attorney General's Office has Lawful Delegated Authority to Defend Plaintiff Matthew Lopes and Internal Revenue Service, Dkt. No. 24; (2) Affidavit and Verification Regarding Verified Demand for Proof of IRS' Jurisdiction, Dkt. No. 31; (3) Memorandum of Law in Support of Defendant's Due Process Right to Be Heard, Dkt. No. 27; (4) Affidavit Filed in Support of His Due Process Right to Be Heard by Counsel of His Choice, Dkt. No. 26; (5) Affidavit Regarding Exculpatory Evidence Disclosed to Assistant United States Attorney, Dkt. No. 32; (6) Affidavit and Exculpatory Evidence Regarding Statutory Exclusions from Gross Income, Dkt. No. 30; and (7) Answer to Plaintiffs' Consolidated Response to Defendant's Motion to Dismiss and Related Filings, Dkt. No. 29.[1]  I have considered the arguments in Mr. Amabile's pleadings and find them to be without merit for the reasons that follow.  Accordingly, I will require him to comply with the terms of my prior Order on or before April 20, 2012.  If Mr. Amabile fails to comply with the Court's Order, he may be held in civil contempt.[2]

---

[1]   Mr. Amabile's new pleadings, all filed in March 2012, are nothing more than untimely efforts to challenge the Court's December 20, 2011 determination that he is required to comply with the IRS summons.  The documents were filed well outside of the fourteen-day deadline for motions for reconsideration pursuant to Local Rule 7.1 and the sixty-day deadline to appeal set forth in Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure.  Despite their untimeliness, I have considered the arguments set forth in Mr. Amabile's pleadings.

[2]   Mr. Amabile should recognize that if, upon application by the Government, he is ultimately held in civil contempt, he may be ordered to surrender to the custody of the U.S. Marshal and may remain in the custody of the U.S. Marshal until such time as he shall obey the Court's orders.  "It is with the greatest reluctance that the court will order a citizen held in custody for the violation of a civil order . . . .  That said, a society that governs itself under the rule of law cannot permit its citizens to pick and choose which among the laws they will or will not obey, at least if that society is to long endure."  United States v. Puccio, 812 F. Supp. 2d 105, 109 n.7 (D. Mass. 2011).

**II.     Authority to Defend the Revenue Officer and the IRS**

It is the duty of the U.S. Attorney's Office[3] to "prosecute for all offenses against the United States" as well as to "prosecute or defend, for the Government, all civil actions, suits or proceedings in which the United States is concerned."  28 U.S.C. § 547(1) and (2).  The U.S Attorney need not produce records to establish its authority to bring this action on behalf of the Government and Matthew Lopes, an IRS revenue officer.

**III.    Counsel of Choice**

At the show cause hearing, I informed Mr. Amabile that Gary DelViscio, who characterizes himself as Mr. Amabile's "power of attorney" but who is not a member of the bar, could not appear on Mr. Amabile's behalf.  Dkt. No. 22 at 5:3-5, 6:20-21.  Mr. Amabile was permitted to speak for himself.  He did not seek a continuance of the show cause hearing to retain a qualified attorney.  Indeed, despite having had ample opportunity since the hearing to seek qualified counsel before complying with the Court's Order, he has not done so.  Instead, in his Memorandum of Law In Support of Defendant's Due Process of Law Right to Be Heard (Dkt. No. 27) and his Affidavit Filed in Support of His Due Process of Law Right to Be Heard by Counsel of His Choice (Dkt. No. 26), both filed on March 20, 2012, Mr. Amabile asserts only that he did not receive due process at the show cause hearing because he did not receive "proper prior notice to the disqualification of Defendant's Power of Attorney."  Dkt. No. 27 at ¶ 11.  Nowhere has Mr. Amabile suggested that, given the opportunity to do so, he would retain an attorney who is qualified to represent his interests in this matter.

---

[3]     Although the caption of Mr. Amabile's pleading refers to the "U.S. Attorney General's Office," plaintiffs' counsel are employed by the U.S. Attorney's Office.

While a civil litigant's interest in having counsel of his choice is an important consideration, it does not rise to the level of a criminal defendant's constitutional right to have counsel of his choice. See Kohlmayer v. Nat'l R.R. Passenger Corp., 124 F. Supp. 2d 877, 883-84 (D.N.J. 2000). Further, parties to a federal action are entitled to "plead and conduct their own cases personally or by counsel," but not by way of a lay representative such as Mr. DelViscio. 28 U.S.C. § 1654; see also Lutz v. Lavelle, 809 F. Supp. 323, 325 (M.D. Pa. 1991) ("It is a well established principle that while a layman may represent himself with respect to his individual claims, he is not entitled to act as an attorney for others in a federal court."); Fed. R. Civ. P. 11(a) (requiring that all pleadings, motions, and submissions to federal courts be signed by an attorney of record or by the unrepresented party himself/herself).

> The requirement of representation by counsel is based upon two cogent policy considerations. First, there is a strong state interest in regulating the practice of law. Requiring a minimum level of competence protects not only the party that is being represented but also his or her adversaries and the court from poorly drafted, inarticulate, or vexatious claims. . . . The second consideration is the importance of the rights at issue during litigation and the final nature of any adjudication on the merits. Not only is a licensed attorney likely to be more skilled in the practice of law, but he or she is also subject to ethical responsibilities and obligations that a lay person is not. In addition, attorneys may be sued for malpractice.

Colinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 231 (3d Cir.1998) (citation omitted), abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007).

Because Mr. DelViscio cannot represent Mr. Amabile, my decision to not allow him to speak on Mr. Amabile's behalf at the show cause hearing did not prejudice Mr. Amabile. Mr.

Amabile has had ample opportunity to seek to retain qualified counsel, has not done so and his right to due process has not been violated.

**IV.     Obligation to Comply With IRS Summons**

In his latest filings, Mr. Amabile reasserts the arguments he made in his initial motion to dismiss the Government's petition to enforce the IRS summons. He asserts that during the years of 2004, 2005, 2006, 2007, 2008, 2009, and 2010 he was not obligated to pay taxes. He argues, inter alia, that he was a "nonresident alien" and a "noncitizen national" and that "based on the facts and the application of certain unambiguous statutory exclusions, . . . it is true that with respect to Internal Revenue Code Subtitles A & C income taxes, the Defendant's taxable income for years 2004, 2005, 2006, 2007, 2008, 2009, and 2010, inclusive, equaled $0.00 (zero)." Dkt. No. 30 at ¶ 8. He contends that the work he "performed and for which he was compensated for [sic] during subject years . . . was paid to him for services which Defendant performed exclusively without the federal United States," and that this work "was not 'employment' as that" term is defined in the internal revenue code. Dkt. No. 30 at ¶ 33.1, 34.

After initially considering these arguments which were raised in Mr. Amabile's written filings prior to the show cause hearing, I dismissed them as being "frivolous, without merit, and hav[ing] been uniformly rejected by the Courts." Dkt. No. 22 at 3:12-14. Having had an opportunity to reconsider those same arguments which are now raised in his latest round of filings, I reject them again. Mr. Amabile's challenges to the authority of the IRS to tax any of his income "have been uniformly rejected by courts in this and other circuits, and [I] find none of them to have any degree of merit or intuitive logical support." In re Weatherly, 169 B.R. 555, 558 (Bankr. E.D. Pa. 1994); see also Cheek v. United States, 498 U.S. 192, 195, 204 (1991)

(characterizing as frivolous tax protestor's arguments that he is not a taxpayer and that the tax code is unconstitutional); United States v. Cooper, 170 F.3d 691, 691 (7th Cir. 1999) (finding that tax protestor arguments such as those made by Mr. Amabile, when made on appeal are "frivolous squared"); United States v. Connor, 898 F.2d 942, 944 (3d Cir. 1990) (finding that "wages are income within the meaning of the Sixteenth Amendment" and viewing arguments to the contrary as "frivolous"); Lonsdale v. United States, 919 F.2d 1440, 1448 (10th Cir. 1990) (characterizing as meritless the argument that the IRS and its employees "have no power or authority to administer the Internal Revenue laws"); Denison v. Comm'r, 751 F.2d 241, 242 (8th Cir. 1984) (finding frivolous taxpayer's claims that wages are not income, income tax is unconstitutional and the tax court lacked jurisdiction).  Mr. Amabile's arguments do not excuse him from compliance with the IRS's summons or with this Court's December 20, 2012 Order.

      An appropriate Order follows.